**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE, | No. 21-55983 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-02536-PSG-PLA |
| v. | |
| COMPANIA PANAMENA DE AVIACION, a Business organization form unknown; COPA HOLDINGS, S.A., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| AMIR MIRGHAFFARI; DOES, 1 through 100, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted May 17, 2022
Pasadena, California

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Plaintiff-Appellant Jane Doe appeals from the district court's order (1) dismissing her negligence claim on preemption grounds, (2) dismissing Copa Holdings, S.A. for want of personal jurisdiction, (3) denying leave to amend to allege additional jurisdictional facts, and (4) denying leave to amend to state a claim under Article 17 of the Montreal Convention ("Convention"). Doe's suit arises from her alleged sexual assault while on board an international flight operated by Compania Panamena de Aviacion ("Copa Airlines"), whose parent company is Copa Holdings. The district court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291.[1] We affirm in part (as to preemption, personal jurisdiction, and the denial of leave to amend to state additional jurisdictional facts), reverse in part (as to the denial of leave to amend to state a claim under the Convention), and remand.

    1. On appeal, Doe argues that the Convention did not preempt her

---

[1] The district court lacked diversity jurisdiction at the time of removal because Doe and Defendant Amir Mirghaffari were both citizens of California. But Doe's voluntary dismissal of Mirghaffari on October 1, 2021 cured this defect. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996) (ruling that when diversity jurisdiction is lacking because of the joinder of a nondiverse party, dismissal of that party by final judgment cures the jurisdictional defect). And although Doe appealed from the district court's July 14, 2021 order (filed while Mirghaffari was still a party), that order was not final and appealable until the moment he was dismissed. *See Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981). Doe's dismissal of Mirghaffari, in short, simultaneously vested our appellate jurisdiction and the district court's subject matter jurisdiction. And that Doe's notice of appeal was premature is of no moment. Fed. R. App. P. 4(a)(2).

negligence claim because it preempts only state law claims *inconsistent* with its provisions and her claim, purportedly, is not. But Doe did not explicitly state in her briefs opposing Copa Airlines' and Copa Holdings' motions to dismiss that the preemptive effect of the Convention is limited to inconsistent state law claims. Her briefs argue only that the facts alleged in her complaint would be sufficient to state a cause of action under Article 17. Because the district court had no occasion to consider Doe's current argument about the Convention's limited preemptive effect, the argument is waived. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014).

    2. Doe argues that the district court had specific personal jurisdiction over Copa Holdings because Copa Airlines' contacts with California can be attributed to Copa Holdings (its parent company) under an agency or alter ego theory. The only basis for either theory of jurisdiction that Doe alleges in her opening brief is Copa Holdings' "collective ownership" of Copa Airlines, along with a few conclusory allegations that already assume each company's activities can be imputed to the other. But the mere existence of a "parent-subsidiary relationship does not on its own establish two entities as 'alter egos.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017) (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015)). Nor does it imply the degree of control necessary to establish an agency relationship. *See id* at 1025 (finding no agency relationship between

3

Yamaha Motor Company (the parent) and Yamaha Motor Corporation, U.S.A. (the subsidiary)). Therefore, Doe fails to show that Copa Airlines' contacts in California can be imputed to Copa Holdings, and Copa Holdings was properly dismissed for want of personal jurisdiction.

  3. Because Doe does not specify what "additional allegations" she could make in favor of personal jurisdiction, the district court did not abuse its discretion by denying leave to amend. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). And although Doe suggests she could make additional (unspecified) allegations based on information in two exhibits that were attached to her opposition brief below, she concedes that the documents were "improperly presented" because they were unauthenticated, and she does not challenge the district court's conclusion that they were inadmissible. The district court did not abuse its discretion by failing to consider those documents.

  4. The district court erred in denying leave to amend to state a claim under the Montreal Convention against Copa Airlines. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The court concluded that such an amendment would be futile because it erroneously believed that Doe's complaint was filed in 2020 and thus time-barred under the Convention's statute of

limitations. In fact, the complaint was timely filed on October 10, 2019, as the parties all agree. We reverse and remand as to this issue alone. On remand, Doe need not amend her complaint to cite the Montreal Convention explicitly. Rather, we instruct the district court to construe Doe's complaint as alleging a claim under Article 17 of the Convention. If Copa Airlines moves to dismiss once again under Federal Rule of Civil Procedure 12(b)(6), the district court shall consider whether the facts, as already alleged, plausibly satisfy the elements of a cause of action under Article 17.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**[2]

---

[2] Doe's request for judicial notice of the Los Angeles County Superior Court's Docket and the Order to Show Cause, Dkt. Nos. 36 & 45, is GRANTED.